<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YASOL JEONG,
        *Plaintiff*,

v.

GEICO,
        *Defendant*.

Civil Action No. 24-365 (KSH) (LDW)

<u>OPINION</u>

**Katharine S. Hayden, U.S.D.J.**

**I.    Introduction**

Plaintiff Yasol Jeong has filed a motion to vacate the Court's May 13, 2024 order of dismissal that resulted from plaintiff's failure to effectuate service of process and failure to respond to the Court's dismissal warning. Defendant GEICO opposes the motion. For the following reasons, plaintiff's motion is denied.

**II.    Background**

Plaintiff filed this action on January 22, 2024. (D.E. 1, Compl.) The complaint did not assert a cause of action. Instead, plaintiff alleged that GEICO was the insurance carrier for a driver who was in a motor vehicle collision with plaintiff in July 2020, and that plaintiff's state court action against the driver had been dismissed the same day plaintiff filed this federal action. GEICO's opposition to this motion fills in the gaps: plaintiff's state court case was a personal injury action against the driver, and it was dismissed with prejudice on January 22, 2024, based on the driver's diplomatic immunity.[1] (D.E. 7-3, Def.'s Ex. B, State Court Complaint; D.E. 7-4, Def.'s Ex. C, Jan. 22, 2024 Order of Dismissal.)[2] By federal statute, a personal injury plaintiff

---

[1] The driver was purportedly employed by Madagascar at the United Nations. (*See* Compl. ¶ 3.)
[2] Courts may take judicial notice of the existence and content of other courts' dockets and orders. *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999).

1

may pursue a direct action in federal court against the insurer of a person who was, at the time of the alleged tort, a member of a diplomatic mission. 28 U.S.C. § 1364(a). This appears to be the basis for plaintiff's federal complaint.

Fed. R. Civ. P. 4(m) requires service of process to be made on a defendant within 90 days of the complaint's filing. On April 24, 2024, after more than 90 days had passed with no proof of service (or any other steps taken by plaintiff to pursue the case), the Court issued a notice of call for dismissal under Rule 4(m), warning it would dismiss this action for failure to effectuate timely service of the complaint and summons on GEICO, unless plaintiff filed proof of timely service before May 8, 2024. (D.E. 3.) Plaintiff took no action, and the case was dismissed without prejudice on May 13, 2024. (D.E. 4.)

Nearly ten months later, on March 9, 2025, plaintiff moved (D.E. 5) to vacate the order of dismissal and to reinstate the case under Fed. R. Civ. P. 60(b)(1), which permits the court to "relieve a party or its legal representative from a final . . . order" based on "mistake, inadvertence, surprise, or excusable neglect."[3] Plaintiff's argument is that his attorney, Amit Deshmukh, Esq., told plaintiff to get new counsel because his law license was suspended from March 2023 to June 2023. Plaintiff did not get new counsel. Plaintiff's moving papers include a declaration from Deshmukh stating that "Plaintiff recently asked me to represent him again in this matter as he never found a new attorney, but I was unaware this matter was dismissed while my law license was not active because I was not receiving any ecf notices." (D.E. 5-1, Deshmukh Decl. ¶ 7.) Deshmukh also attests that "[a]ll medicals have been obtained and

---

[3] Plaintiff's motion also cites Fed. R. Civ. P. 55(c), which pertains to setting aside default judgment and incorporates the standard for Fed. R. Civ. P. 60(b).

2

defendant was served on February 6, 2025" – that is, a month before the present motion to reopen was filed. (*Id.* ¶ 10.) GEICO opposes, arguing that the complaint is time barred and that plaintiff has not met the "excusable neglect" standard for relief under Rule 60(b)(1). (D.E. 7.) GEICO also contends that plaintiff did not meet the "good cause" standard for an extension of time to serve process under Rule 4(m). Plaintiff did not file a reply.

### III. Legal Standard

The Court's dismissal order was without prejudice, as required by Rule 4(m), but because the statute of limitations has run,[4] the order is final. Plaintiff's request to reopen the case is therefore properly considered within the framework of Rule 60(b). *Hussey v. Pennington School*, 2025 WL 1409478, at *2 (3d Cir. May 25, 2025). Under Rule 60(b)(1), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect." A motion under Rule 60(b)(1) must be brought within a "reasonable time," and no later than one year of the entry of the order. *See* Fed. R. Civ. P. 60(c)(1).

### IV. Discussion

The test under Fed. R. Civ. P. 60(b)(1) is "equitable, and requires [the Court] to weigh the totality of the circumstances." *Orie v. Dist. Att'y Allegheny Cnty.*, 946 F.3d 187, 191 (3d Cir.

---

[4] New Jersey's statute of limitations applies; 28 U.S.C. § 1364 does not specify a statute of limitations for the cause of action it recognizes against insurers and the only state whose laws are implicated on these facts is New Jersey. *Fisher v. Hollingsworth*, 115 F. 4th 197, 209 (3d Cir. 2024) ("Where, as here, Congress has enacted no statute of limitations for a federal tort, we ordinarily borrow the statute of limitations from state law."). The two-year statute of limitations ran in 2022, before plaintiff filed this action. N.J.S.A. § 2A:14-2 (two years from date of accrual); *Ben Elazar v. Macrietta Cleaners, Inc.*, 230 N.J. 123, 134-35 (2017) (accrual date is date of injury, unless discovery rule applies). Plaintiff essentially concedes that the statute has run (D.E. 5-2, at 3), and does not argue that it was tolled by the state court action or for any other reason.

3

2019) (cleaned up). The following factors are considered: "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." *Id.* (cleaned up). These are referred to as the *Pioneer* factors and are balanced against each other, with no one of them more important than the others. *Pezzano v. Liberty Mut. Mid Atl. Ins. Co.*, 2025 WL 2778460, at *3 (D.N.J. Sept. 30, 2025) (Bumb, J.).[5] The interest in finality of judgments means that relief under Rule 60 is reserved for "exceptional circumstances," and the movant seeking it has a "heavy burden." *Id.* at *2.

As an initial matter, plaintiff delayed unreasonably in filing this motion, even though he filed it before the one-year outer limit of Fed. R. Civ. P. (c)(1). *See id.* at *3 ("[W]hile motions made after the one-year mark are per se untimely, a motion made within the one-year mark 'may still be untimely if an unreasonable period of time has passed.'" (quoting *In re Diet Drugs Prod. Liab. Litig.*, 383 F. App'x 242, 246 (3d Cir. 2010)). Plaintiff waited ten months, with no cogent explanation for the delay; his attorney says he was suspended from practice from March to June 2023, which would have no relevance to his ability to act between May 2024 and March 2025. If GEICO is correct that the suspension was actually from late February to late May *2024*, that still does not explain plaintiff's inaction from late May 2024 to March 2025. Moreover, over a month elapsed between the date plaintiff purportedly served GEICO (February 6, 2025, well after the service deadline) and when he filed the instant motion (March 24, 2025), which was

---

[5] The *Pioneer* factors come from *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). They "govern the analysis of "excusable neglect" in various contexts, including that of a Rule 60(b) motion." *Pezzano*, 2025 WL 2778460, at *3 n.4 (citing *In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 126 n.7 (3d Cir. 1999)).

4

eight pages total, only four of which were substantive – a two-page attorney declaration and a brief with two pages of argument.  (D.E. 5 to 5-3.)

Even setting aside the time bar of Fed. R. Civ. P. 60(c)(1), plaintiff has failed to establish his entitlement to relief under Fed. R. Civ. P. 60(b)(1), a conclusion the Court reaches based on a balancing of the *Pioneer* factors.  Plaintiff's showing on the second and third factors—the length of the delay and its impact on the proceedings, and the reason for the delay—is particularly unpersuasive. He took no steps to prosecute this case after filing it.  There has been no substantive progress, more than five years after the accident.  After letting ten months pass after entry of the dismissal order, plaintiff moved for relief in a submission that offered nothing more than his attorney's three-month suspension, during which the attorney remained counsel of record and plaintiff did not replace him.

Even taking at face value Deshmukh's representation that he was not receiving ECF notices during the period of his suspension, and further assuming that the suspension was in 2024, as GEICO asserts, rather than in 2023 as Deshmukh attested, that scenario would not have prevented him from checking the electronic docket at any point to discover the status of the case he filed days before the suspension order was issued (an order that apparently did not take effect until a month later, on February 28, 2024).  *Sokol v. Wells Fargo Bank, N.A.*, 2023 WL 7002563, at *6 (D.N.J. Oct. 24, 2023) (Shipp, J.) (counsel was "obligated to make sure that he was receiving notifications from the ECF system and to independently monitor the docket of his cases"), *aff'd*, No. 23-3141, 2024 WL 3579602 (3d Cir. July 30, 2024).  The lengthy delay preceding this motion was unreasonable and within the control of plaintiff and his attorney; plaintiff's attorney's ethics problems and failure to meet deadlines in this case do not relieve plaintiff of his responsibilities as a litigant.  *Pezzano*, 2025 WL 2278460, at *2, 5-6; *see also*

5

*Sokol*, 2023 WL 7002563, at *6 (observing that "an attorney's failure to respond or manage cases does not meet the 'excusable neglect' standard" in Rule 60(b)(1)).

The first *Pioneer* factor assesses the risk of prejudice to the other party. GEICO argues that five years out from the underlying accident, it "has no ability to investigate th[at] accident, locate witnesses or defend itself." (D.E. 7, at 11.) And indeed, plaintiff's failure to prosecute from the inception of the action has prevented any discovery. *See Sokol*, 2023 WL 7002563, at *4 (prejudice factor met where case filed more than two years earlier and "[d]efendant faces the potential loss of evidence, fading memories, and witnesses becoming unreachable or unavailable for trial").

The final *Pioneer* factor asks whether plaintiff acted in good faith, a standard met where the party "acts with 'reasonable haste to investigate the problem and to take available steps toward remedy.'" *Pezzano*, 2025 WL 2278460, at *7 (quoting *Kohl's Dep't Stores, Inc. v. Levco-Route 46 Assocs., L.P.*, 121 F. App'x 971, 976 (3d Cir. 2005)). As in *Pezzano*, this plaintiff and his attorney "acted with no haste whatsoever," and while that does not compel a conclusion that they acted in bad faith or maliciously, their "lack of diligence . . . cannot support a finding of good faith." *Id.* at *6-7.

Having considered the circumstances as a whole in light of the equitable nature of the inquiry under Rule 60(b)(1), the Court concludes that plaintiff has not established that he is entitled to relief from the May 13, 2024 order of dismissal.

**V.    Conclusion**

For the foregoing reasons, plaintiff's motion is denied. An appropriate order will follow.

Date: December 30, 2025

*s/ Katharine S. Hayden*
Katharine S. Hayden, U.S.D.J

6